J-S24030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JERMAINE LAVELL LUCAS JR. | : | |
| Appellant | : | No. 1397 WDA 2025 |

Appeal from the PCRA Order Entered October 2, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002274-2021

BEFORE:   STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED: July 14, 2026**

Appellant, Jermaine Lavell Lucas, Jr., appeals from the October 2, 2025 order entered in the Erie County Court of Common Pleas denying as meritless his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On April 23, 2021, the Commonwealth charged Appellant with, *inter alia*, two counts each of Aggravated Assault and Recklessly Endangering Another Person ("REAP"), and single counts of Possessing an Instrument of Crime ("PIC") and Simple Assault arising from Appellant's involvement in a fight at an Erie nightclub that left two victims seriously injured.  Following Appellant's preliminary hearing, on March 14, 2022, at which the magistrate judge held the charges over for

---

[*] Former Justice specially assigned to the Superior Court.

trial, Appellant filed a petition for writ of *habeas corpus* alleging that the Commonwealth had failed to present evidence sufficient to establish a *prima facie* case against him and that it relied solely on hearsay evidence to make its *prima facie* case. The trial court denied this petition on April 6, 2022.

Prior to the commencement of trial, Appellant's counsel informed the court that he had received a crime lab report "at 3:00 before a trial that has to do with items seized that would be associated with my client" indicating that only one of two knives found at Appellant's residence had been sent to the crime lab, and tests done indicated that there was no blood on the knife." N.T., 7/12/22, at 23. Counsel argued, therefore, that "this is a **Brady**[1] violation in my opinion" and he did not "want the jury to hear anything about blood." **Id.** at 24. Specifically, counsel argued that "to receive something that could be inculpatory or possibly exculpatory at 3:00 the day before you pick a jury is a **Brady** violation. . . . I'm asking that it doesn't be used because, one, it's going to confuse; two, I wasn't given notice of an expert. I didn't even know this stuff existed until yesterday." **Id.** at 28-29.

Ultimately, without specifically ruling on whether the late production of the crime lab report constituted a **Brady** violation, the court ruled that "if the knife comes in, [Appellant] would be entitled to cross-examine - - cross-examination that no blood was found [on it]. **Id.** at 33.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

The case then proceeded to trial, at which the Commonwealth presented, *inter alia*, a video recording from inside the nightclub where the victims were attacked by several men, which showed Appellant, wearing a distinctive Philadelphia 76ers Alan Iverson jersey making stabbing motions in the direction of where one of the victims was stabbed. The Commonwealth also introduced evidence that Erie police later discovered the jersey at Appellant's residence, along with a bloody knife, and that police officers identified Appellant as one of the attackers.

Following its deliberations, the jury convicted Appellant of the above crimes. On November 4, 2022, the trial court imposed an aggregate sentence of 9 to 18 years of incarceration. Appellant filed a direct appeal to this Court in which he challenged the sufficiency of the evidence in support of his convictions and the trial court's admission of evidence related to his gang involvement. On August 1, 2024, we affirmed Appellant's judgment of sentence. *See Commonwealth v. Lucas*, 326 A.3d 407 (Pa. Super. 2024) (non-precedential decision). Appellant did not seek further review of his judgment of sentence.

On May 12, 2025, Appellant *pro se* filed a timely first PCRA petition claiming that the trial court erred in denying his petition for writ of *habeas corpus* because the Commonwealth relied on hearsay evidence to make its *prima facie* case. On May 19, 2025, the PCRA court appointed counsel, who,

on July 31, 2025, filed a supplemental PCRA petition.[2] In the petition, counsel raised again Appellant's claim that the trial court erred in denying his petition for writ of *habeas corpus* and, in addition, contended that trial and appellate counsel were ineffective in failing to present this claim on direct appeal. Appellant also claimed that his trial counsel was ineffective for failing to object to the admission of the knives found in Appellant's residence on relevancy grounds, contending that "[t]he Commonwealth lacked any means to establish a nexus between the knives found and the criminal assaults such as DNA evidence, fingerprints[,] or blood residue" and that the Commonwealth never

---

[2] Notwithstanding the PCRA court's appointment of counsel, both before and after counsel filed the supplemental PCRA petition, Appellant filed *pro se* amended PCRA petitions, in which he raised claims that trial counsel was ineffective for failing to: (1) object to the admission into evidence of the two knives found in his residence; (2) request a mistrial after the Commonwealth purportedly committed prosecutorial misconduct by misleading the jury regarding the substance of a witness's testimony; and (3) properly raise Appellant's sufficiency of the evidence claims.

Pursuant to 210 Pa. Code § 65.24, "where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record." **See also** Pa.R.Crim.P. 576(a)(4) (same). In **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011), our Supreme Court reiterated its "long-standing policy that precludes hybrid representation." **Id.** at 1036. A *pro se* motion filed by a represented defendant is "a nullity, having no legal effect." **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

Here, the record reveals that, as required, the Erie County court clerk forwarded each of Appellant's *pro se* filed amended PCRA petitions to counsel. As noted above, however, the amended petitions are legal nullities and we will not consider any issues on appeal related to the claims raised in them unless they were also raised in the counseled supplemental petition filed on Appellant's behalf.

laid any foundation "that the knives were consistent with the wounds of the victims notwithstanding the absence of any physical evidence that would tend to prove that the knives had been recently employed in such an assault." Supp. PCRA Pet., 7/31/25, at 5.

On August 19, 2025, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 indicating that it found Appellant's issues either not cognizable under the PCRA, meritless, or contradicted by the record. Rule 907 Not., 8/19/25, at 1. Then, on October 2, 2025, the court entered an order dismissing Appellant's petition.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> [1.] Whether the lower court committed legal error and abused its discretion in failing to abide by the legal standard established by ***Commonwealth v. McClelland***, 233 A.[3]d 717 (Pa. 2020)[,] and grant the *habeas corpus* challenge. Moreover, the *habeas corpus* claim was fully preserved of record yet subsequent trial counsel and appellate counsel were ineffective in failing to present and include the claim as part of the direct appeal to invite and cause scrutiny by the Superior Court as to whether *habeas corpus* relief was warranted and thereby rendering this case void *ab initio* and not even competent for a jury trial?
>
> [2.] Whether the lower court committed legal error in failing to accept and grant relief based on [A]ppellant's challenge as to the conduct of defense counsel at trial arising to ineffective assistance in failing to challenge and contest the admission of two knives as exhibits 12 and 13, respectively, purportedly seized by the police from [Appellant's] residence in all forms

- 5 -

including a challenge under basic admissibility or relevance grounds?

Appellant's Br. at 2.[3]

In his first issue, Appellant claims that the trial court erred in denying his petition for writ of *habeas corpus* and that the PCRA court erred in finding that his trial and appellate counsel were not ineffective when they failed to raise this claim on direct appeal. ***Id.*** at 7.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Root***, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions, which we review *de novo*. ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa. Super. 2021).

---

[3] Appellant has also raised an issue for our review regarding the denial of his ineffective assistance of counsel claim arising from counsel's failure to request a mistrial following alleged prosecutorial misconduct. As noted above, however, Appellant raised this claim in an amended PCRA petition that he filed *pro se* while represented by counsel. Because this *pro se* petition is a legal nullity, and Appellant's counsel did not subsequently include this claim in a counselled amended or supplemental PCRA petition, it is waived. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); ***see also Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (providing that issues not raised in the PCRA petition cannot be raised for the first time on appeal).

For a claim to be cognizable under the PCRA, the petitioner must raise a claim that the conviction or sentence was the result of one (or more) of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

* * *

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Further, to be eligible for relief, a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." *Id.* at § 9543(a)(3). An issue has been previously litigated if "the highest

appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* at § 9544(a)(2).

With respect to Appellant's claim that the trial court erred in denying his petition for writ of *habeas corpus*, we conclude that this issue is not cognizable under the PCRA as it does not fall within any of the enumerated grounds for relief set forth above. Moreover, by virtue of raising this in the alternative as the basis for a claim of counsel's ineffectiveness, Appellant concedes that he could have raised this issue on direct appeal but did not do so. Therefore, even if it were cognizable under the PCRA as presented, Appellant would have waived it for failing to raise it on direct appeal.

Turning to Appellant's claim that his trial and appellate counsel were ineffective for failing to raise a claim that the trial court erred in denying his petition for writ of *habeas corpus*, we are guided by the following precepts. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

In his brief to this Court, Appellant baldly claims that counsel's failure to raise a claim on direct appeal "substantially prejudiced" him. Appellant's Br. at 7. He has not, however, explained how his underlying claim has arguable merit, whether counsel had a reasonable basis for failing to raise the claim on direct appeal, or whether, but for counsel's inaction, there is a reasonable probability that the outcome of his case would have been different. Appellant's claim that his counsel was ineffective for failing to raise a claim regarding the denial of his petition for writ of *habeas corpus*, therefore, fails.[4]

In his second issue, Appellant claims that trial counsel was ineffective for not objecting to the admission of two knives found in his residence on the grounds that they were irrelevant and that the Commonwealth failed to establish a foundation for their admission. Appellant's Br. at 8-9. He contends, exactly as he did in the PCRA court, that the Commonwealth "lacked any means to establish a nexus between the knives found and the criminal assaults such as DNA evidence, fingerprints[,] or blood residue" because even the Commonwealth was unsure as to which knife had been tested in the crime

---

[4] We further observe that, when the Commonwealth proves the charged offenses beyond a reasonable doubt at trial, any pretrial defects regarding the sufficiency of the evidence are considered harmless. **Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013). In other words, the jury's verdict "rendered moot" any claim that the Commonwealth failed to establish a *prima facie* case. **Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995) (noting that when a case goes to trial and results in a guilty verdict, any claim that the Commonwealth failed to establish a *prima facie* case is moot). Thus, we conclude Appellant's trial and appellate counsel had a reasonable basis for not raising on appeal a claim arising from the trial court's pre-trial denial of his *habeas* petition.

lab and the Commonwealth did not establish a connection between the knives and the victim's injuries. *Id.* at 8. Appellant argues, therefore, that his trial counsel should have challenged the "very admissibility of these knives on relevancy grounds." *Id.* He asserts that counsel's failure to object on this ground, which resulted in the admission of this evidence, prejudiced him because it implied that the knives "were of import" and that Appellant could have employed them as instruments of crime and that the knives were the "source of the assault and wounds." *Id.* at 8-9. He concludes that the "integrity and fairness of the fundamental trial process was undermined as a result." *Id.* at 9.

Appellant has not pleaded and proved each of the elements required to establish that his counsel was ineffective for failing to object to the admission of the knives found in his residence. Notably, Appellant has not asserted that counsel lacked a reasonable basis for failing to lodge this objection or that, but for counsel's inaction, the outcome of the case would have been different. Because Appellant has failed to satisfy these prongs of the test, Appellant's claim fails.[5]

---

[5] Even if Appellant had pleaded each of the required elements of the ineffective assistance of counsel test, we would find that Appellant had waived this claim by failing to develop his argument in support of it with citation to, and discussion of, relevant authority as required by Pa.R.A.P. 2119(a). *See* Pa.R.A.P. 2119(a) (requiring that an appellant provide "discussion and citation of authorities as are deemed pertinent" to each question); *Sephakis v. Pa. State Police Bureau of Recs. and Identification*, 214 A.3d 680, 686-87 (Pa. Super. 2019) (explaining that when an appellant fails to develop his issue in an argument, the issue is waived).

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/14/2026